## In re JOEDA J.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Assigned on Briefs May 22, 2009.

June 24, 2009.

Order Denying Petition to Rehear
July 15, 2009.

Permission to Appeal Denied by
Supreme Court Oct. 26, 2009.

Mark S. Dugger, Elizabethton, Tennessee, for the Appellant, Joseph J.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Elizabeth C. Driver, Senior Counsel, for the Appellee, State of Tennessee, Department of Children's Services.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. McCLARTY, J., joined.

This is the second appeal in this parental rights termination case. Following a trial, the Trial Court entered a final judgment on February 25, 2008, terminating the parental rights of Joseph J. ("Father") to his son, Joeda J. ("the Child"). Although the final judgment was entered on February 25, 2008, Father's lawyer states he was incorrectly told by the trial court deputy clerk that the final judgment was entered on February 28, 2008. Father's notice of appeal was untimely filed on March 28, 2008. We dismissed the first appeal after finding that the final judgment had been entered on February 25, 2008, that the judgment was entered in compliance with Tenn. R. Civ. P. 58, and that the notice of appeal was not timely. The Tennessee Supreme Court denied Father's application for permission to appeal. Thereafter, Father filed with the Trial Court a Rule 60 motion for relief from the final judgment. The Trial Court denied the Rule 60 motion, and Father again appeals. We find that the Trial Court did not abuse its discretion when it denied Father's Rule 60 motion and, therefore, affirm the judgment of the Trial Court.

### Background

This appeal involves the Trial Court's order terminating Father's parental rights

to the Child. The Trial Court terminated Father's parental rights based upon a finding by clear and convincing evidence of: (a) abandonment, as set forth in Tenn. Code Ann. § 36–1–113(g)(1); (b) failure to substantially comply with the statement of responsibilities contained in a permanency plan, as set forth in Tenn.Code Ann. § 36–1–113(g)(2); and (c) the existence of persistent conditions making it unsafe for the Child to be placed in Father's care, as set forth in Tenn.Code Ann. § 36–1–113(g)(3). The Trial Court also found clear and convincing evidence that termination of Father's parental rights was in the Child's best interest.

The order terminating Father's parental rights was signed by Judge Walton on February 25, 2008 and stamped "filed" by the Juvenile Court Clerk that same day. Father filed a notice of appeal on March 28, 2008. Because the notice of appeal was filed more than thirty days after entry of the final judgment, DCS filed a motion to dismiss the appeal. Father opposed the motion. In opposition to the motion to dismiss the appeal, Father's attorney filed an affidavit stating, in relevant part, as follows:

On December 5, 2007 much to our dismay, the Juvenile Court Judge ... terminated the parental rights of [Father] to his son.... As is customary since the State of Tennessee prevailed in this matter, the State attorney, Jim Wyche, was responsible for drawing the order. Several days and weeks went by and I waited for Mr. Wyche to send me the order for my signature and approval. I periodically called the Clerk's office to check to see if the order had been entered so I could apprise [Father] of his time [to file an] appeal.

On February 7, 2008 I received in the mail a copy of the proposed order that was mailed by Mr. Wyche to Judge Walton without my signature or approval. I called Mr. Wyche, upset that I was not given the opportunity to review or approve the order. Mr. Wyche's response was that I figured you would not like the order and would not approve it. I do not think the order was accurate and believed the best way to handle the matter was to point out the errors in appeal.

I would again call (February 19, 2008), the Clerk's office to see if the order had been signed by Judge Walton and filed with the Clerk. I was told the order had not been signed or entered.

On February 28, 2008, I called the Clerk's office and talked to the Deputy Clerk. She informed me that the order had been signed and was filed today. I immediately got in my car and drove to the Courthouse and obtained a copy of the order. I enclose a true and exact copy of the order (Exhibit A) that I was handed that day....

The Clerk's procedure, I have seen it many times, is to automatically stamp file each order when it is filed. The machine prints out the date and time the order is filed. The automatic stamp file date is not legible on the copy that I received and is not readable on the copy submitted by the State in it's (sic) motion to dismiss....

I immediately called [Father] on February 28, 2008 and left a voice mail that the order had been signed and filed that day. The next day I mailed [Father] a letter and copy of the order notifying him that he had thirty days to appeal this order and the last day, February 29, 2008 was the date for him to perfect the appeal.[1]

---

1. The notice of appeal filed by Father was handwritten and signed by Father pro se.

The handwriting in the body of the notice of appeal and Father's signature appear to be

I believed the Clerk when she told me that the order was filed on February 28, 2008. Because the stamp filed date was not readable I had no way of knowing when the exact date the order was entered except when told by the Clerk. I was not allowed the opportunity to sign the order and had no knowledge the order had been entered until I called the clerk.

Based primarily on his attorney's affidavit, Father argued that the motion to dismiss the appeal should be denied because the order terminating his parental rights had not been properly entered in compliance with Tenn. R. Civ. P 58.[2]

On May 6, 2008, this Court entered an Order dismissing Father's appeal because the notice of appeal was not timely filed and, therefore, this Court was without jurisdiction to hear the appeal. We stated:

> This is an appeal from an order terminating the parental rights of [Father]. [DCS] filed a motion to dismiss this appeal averring that the notice of appeal was untimely filed. [Father] filed an objection to the motion to dismiss averring that the order was not properly filed and therefore the notice of appeal

should be treated pursuant to Tenn. R.App. P. 4(d).[3]

> We have examined the order, the notice of appeal and the arguments of the parties and find that the "Final Decree of Guardianship and Order Terminating Parental Rights" was properly entered pursuant to Tenn. R. Civ. P. 58(2) on February 25, 2008. Pursuant to Tenn. R.App. P. 4(a) the notice of appeal required by Tenn. R.App. P. 3 should have been filed with and received by the clerk of the trial court within 30 days after the entry of the judgment appealed from or by the close of business on March 26, 2008. It was not received and filed by the trial court clerk until March 28, 2008.

> Therefore, this Court lacks jurisdiction to hear this appeal and it is hereby ordered that the appeal is DISMISSED . . . . (footnote added)

After entry of this Court's order dismissing the appeal, Father filed a motion to rehear or to seek leave to file a Rule 60 motion. Specifically, Father requested a rehearing or, alternatively, leave of this Court to file with the Trial Court a Tenn. R. Civ. P. 60 motion for relief from the judgment. We denied this motion on June

different. The record is unclear as to who wrote out the notice of appeal. More interesting, however, is the fact that the original handwritten "Notice of Appeal" states that "Notice is hereby given that [Father] . . . hereby appeals to the Tennessee Court of Appeals the Order entered on **February 25, 2008,** in this action." (emphasis added). Thus, whoever wrote out the notice of appeal was able to ascertain the exact and correct date upon which the final judgment had been entered.

**2.** Tenn. R. Civ. P. 58 addresses entry of judgments and provides, in relevant part, as follows:

> Entry of a judgment or an order of final disposition is effective when a judgment

containing one of the following is marked on the face by the clerk as filed for entry:
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel. . . .

**3.** Tenn. R.App. P. 4(d) pertains to prematurely filed notices of appeal and states that "[a] prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof."

6, 2008. Thereafter, Father filed a Tenn. R.App. P. 11 application for permission to appeal to the Tennessee Supreme Court. The application for permission to appeal was denied by the Supreme Court on September 22, 2008.

Three days after the Supreme Court denied Father permission to appeal, he filed a motion with the Trial Court seeking to set aside the February 25, 2008 order. This motion was filed pursuant to Tenn. R. Civ. P. 60.01 and 60.02. According to Father:

> [Father] avers that he is entitled to relief pursuant to Rule 60.01 and 60.02 to set aside the order. He avers that pursuant to Rule [60.01] a clerical mistake occurred when the deputy clerk told [Father's] attorney the Order had been filed on February 28, 2008. He [further] avers that he is entitled to relief pursuant to Rule 60.02(1) mistake, inadvertence, surprise or excusable neglect or [60.02(5) ] any other reason justifying relief from the operation of the judgment. [Father] avers that because the Clerk told his attorney the wrong date when the judgment was filed he is entitled to set aside the judgment. . . .

In support of this motion, Father's attorney filed an affidavit that was virtually identical to the affidavit reproduced earlier in this Opinion. DCS responded to the motion, arguing, *inter alia,* that the requirements of Tenn. R. Civ P. 60.01 and 60.02 had not been met. After the Trial Court denied Father's Rule 60 motion, Father filed a second appeal. Although not stated exactly as such, Father claims the Trial Court erred when it failed to set aside the February 25, 2008, final judgment pursuant to Tenn. R. Civ. P. 60.02(1) and/or 60.02(5).[4]

---

4. Father apparently is not pursuing his claim that he was entitled to relief under Tenn. R.

### Discussion

■ The applicable standard for reviewing a trial court's grant or denial of a Tenn. R. Civ. P. 60.02 motion is set forth in *Henry v. Goins,* 104 S.W.3d 475 (Tenn. 2003):

> In reviewing a trial court's decision to grant or deny relief pursuant to Rule 60.02, we give great deference to the trial court. *See Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn.1993). Consequently, we will not set aside the trial court's ruling unless the trial court has abused its discretion. *See id.* An abuse of discretion is found only when a trial court has " 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.' " *State v. Stevens,* 78 S.W.3d 817, 832 (Tenn.2002) (quoting *State v. Shuck,* 953 S.W.2d 662, 669 (Tenn.1997)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *See Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn.2001).

*Henry v. Goins,* 104 S.W.3d at 479. *See also Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn.2001) ("Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.' ") (quoting *State v. Scott,* 33 S.W.3d 746, 752 (Tenn.2000)).

As relevant to this appeal, Tenn. R. Civ. P. 60.02 provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the

Civ P. 60.01.

following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

■ At the outset, we point out that *all* of the various copies of the final judgment contained in the record on this appeal (and the record on the first appeal) have a time stamp that can be read and which shows the final judgment was entered on February 25, 2008. While Father claims that the copy given to his attorney was illegible, we in fact find that the copy provided by Father's counsel to this Court is legible. We acknowledge that the date stamp is not a model of perfect clarity. In fact, about the only information that can be read is the date on which the document was filed. Assuming that Father's attorney was told that the final judgment was filed on February 28, 2008, we nevertheless conclude that Father and his attorney could have discovered the error by looking at either the original or a copy of the final judgment. This conclusion is reinforced by the fact that whoever hand-wrote the original Notice of Appeal filed by Father apparently had no difficulty in figuring out that the final judgment had been entered on February 25, 2008.

■ As this Court observed in *Wilkerson v. PFC Global Group, Inc.*, No. E2003–00362–COA–R3–CV, 2003 WL 22415359 (Tenn.Ct.App. Oct.23, 2003):

> Under Rule 60 "the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tennessee Dep't of Human Services v. Barbee*, 689

S.W.2d 863, 866 (Tenn.1985) (quoting *Tennessee State Bank v. Lay*, 609 S.W.2d 525 (Tenn.Ct.App.1980)). Rule 60.02 is not for use by a party merely because he is dissatisfied with the results of the case. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn.1991); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct.App.1993). The principle of finality is firmly embedded in the procedural rules and, therefore, Rule 60.02 is an escape valve that should not be easily opened. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn.1991); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct.App.1993). "[M]ere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect." *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn.1985) (quoting 46 Am.Jur.2d *Judgments* § 718 (1969)); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct.App.1993).

*Wilkerson*, 2003 WL 22415359, at *6.

Because Father and his attorney could have ascertained the correct date upon which the final judgment actually was entered, Father has failed to meet his burden of demonstrating why either he or his attorney were justified in failing to avoid the alleged mistake. Thus, we are unable to conclude that the Trial Court's refusal to grant Father relief under Rule 60.02(1) was "against logic or reasoning that caused an injustice to the party complaining." *Henry*, 104 S.W.3d at 479. Likewise, we cannot conclude that reasonable minds could not "disagree as to propriety of the decision made." *Eldridge*, 42 S.W.3d at 85.

Next we consider whether Father was entitled to relief under Rule 60.02(5). We return to *Wilkerson* where we further stated:

> Rule 60.02(5) authorizes relief from a judgment for "any other reason justifying relief from the operation of the judgment." Despite its broad language, Rule 60.02(5) is construed narrowly. *Federated Insurance Co. v. Lethcoe*, 18 S.W.3d 621, 625 (Tenn.2000); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct.App.1993); *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn.Ct.App.1992). The standards of Rule 60.02(5) are even more demanding than those applicable to the other grounds for Rule 60.02 relief. *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn.Ct.App.1993); *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn.Ct. App.1990) (citing *Tenn. Dept. of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn.1985)). For the same reasons we conclude Defendants were not entitled to relief under Rule 60.02(2), we likewise conclude they are not entitled to relief under Rule 60.02(5), and the Trial Court did not abuse its discretion when it refused to grant Defendants relief under this Rule.

*Wilkerson*, 2003 WL 22415359, at *9.

Given the even more demanding standards that must be met in order to establish entitlement to relief under Rule 60.02(5), as well as the facts set forth above and our discussion of why Father is not entitled to relief under Rule 60.02(1), we conclude that the Trial Court did not abuse its discretion when it denied Father relief from the final judgment pursuant to Rule 60.02(5).

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Juvenile Court for Carter County solely for collection of the costs below. Costs on appeal are taxed to the Appellant, Joseph J., and his surety, if any, for which execution may issue, if necessary.

## ORDER ON PETITION TO REHEAR

Petitioner/Appellant Joseph J. has filed a Petition for Rehearing and Motion to Consider Post Judgment Facts pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure. Contrary to the allegations raised by the Petitioner, our Opinion does not incorrectly misstate material facts. Specifically, in our Opinion, we stated that all of the copies of the final judgment terminating Petitioner's parental rights in the record on appeal showed a legible file date, and this conclusion was "reinforced" by the fact that the handwritten notice of appeal showed the correct file date. The fact that the person who handwrote the notice of appeal was able to ascertain the correct file date was not determinative of the appeal. As stated, it merely "reinforced" our conclusion. Our conclusion as to the main issues on appeal would have been the same regardless of the date listed on the notice of appeal. Therefore, Petitioner's Petition for Rehearing and Motion to Consider Post Judgment Facts are denied. Costs of this Order are taxed to the Petitioner, Joseph J., and his surety, if any.