IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 23, 2017 Session

## GEORGE METZ, ET AL. v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TN, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 16-507-II     Carol L. McCoy, Chancellor[1]**

_____

### No. M2016-02031-COA-R3-CV

_____

This appeal concerns a determination by the Planning Commission ("the Commission") of the Metropolitan Government of Nashville and Davidson County ("Metro") that the Forest View Park planned unit development was "active." Certain Forest View neighbors ("Petitioners") filed a petition for writ of certiorari against respondents Metro and The Ridge at Antioch, Limited Partnership ("Respondents," collectively) in the Chancery Court for Davidson County ("the Trial Court") challenging the Commission's decision. Metro filed a motion to dismiss. After a hearing, the Trial Court entered an order dismissing the petition for writ of certiorari for lack of jurisdiction. The Trial Court found fatal defects in the petition for writ of certiorari, including that it was not supported by oath as required. Petitioners appeal to this Court. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

Gina Crawley, Nashville, Tennessee, for the appellants, Marilyn Metz, George Metz, Aubrey Pearson, Jacqueline Pearson, Berry Wright, and Evelyn Wright.

Jon Cooper, Director of Law, Lora Barkenbus Fox, and Catherine J. Pham, Nashville, Tennessee, for the appellee, the Metropolitan Government of Nashville and Davidson County.

_____

[1] Chancellor Carol L. McCoy retired while the case was ongoing. William Young succeeded McCoy as Chancellor and oversaw the final disposition below.

William N. Helou, Nashville, Tennessee, for the appellee, The Ridge at Antioch, Limited Partnership.

## OPINION

## Background

Three decisions arising from three meetings of the Commission, all related to affordable housing development, are at issue on appeal. These meetings took place on March 24, April 14, and May 12, 2016. On April 14, the minutes of the March 24 meeting were approved and signed. On April 28, the minutes of the April 14 meeting were approved and signed. Finally, on May 26, the minutes of the May 12 meeting were approved and signed. As a result of these meetings, the Commission determined that the Forest View Park planned unit development was active.

On May 16, 2016, Petitioners filed their petition for writ of certiorari and supersedeas seeking review of the Commission's decision. The petition alleged, in part, that "the Commission acted in an arbitrary and judicially excessive manner when it found the Forest View Park PUD to be active." The petition was not supported by oath. On May 23, 2016, Petitioners filed an amended petition. The amended petition was not supported by oath either. On June 6, 2016, Petitioners filed yet another amended petition, which also was not supported by oath. On August 5, 2016, Metro filed a motion to dismiss. Only on August 15 did Petitioners file a proposed new petition that was sworn to and otherwise compliant with the requirements for a petition for writ of certiorari. On August 19, 2016, the Trial Court conducted a hearing on Metro's motion to dismiss. On August 30, 2016, the Trial Court entered an order granting Metro's motion to dismiss for lack of jurisdiction. The Trial Court stated, as pertinent:

> The Court finds that the latest of the challenged Planning Commission decisions was made May 12, 2016. The Petition was filed May 16, 2016. The Petition does not state that it is the first application for the writ and is not verified as required under the Tennessee Constitution.
> The minutes approving the May 12 decision were approved and signed on May 26, 2016. More than sixty days have passed since those minutes were approved and signed. Because the Petition does not state that it is the first application for the writ and is not verified, the Court has no jurisdiction to review the Planning Commission's decision. Nor does the Court have jurisdiction to grant a motion to amend the petition or to convert it to a declaratory judgment action. Pursuant to Article VI, Section 10 of the Tennessee Constitution and *Talley v. Bd. of Prof'l Responsibility*, 358

-2-

S.W.3d 185, 192 (Tenn. 2011), this case is DISMISSED. Costs are hereby taxed to Petitioners. This is the final order.

Petitioners subsequently filed their "motion requesting relief." On October 20, 2016, the Trial Court entered its order denying Petitioners' motion requesting relief. The Trial Court stated:

This matter came before the Court for hearing on September 30, 2016 on the Petitioners' "Motion Requesting Relief" from the "Final Order of Dismissal" entered by this Court on August 30, 2016. Upon consideration of the Motion, the pleadings of the parties, the argument of counsel and the entire record, the Court finds that the Motion should be denied. This Order incorporates and reiterates the findings made by this Court at the hearing on September 30, 2016.

The Petitioners initially assert that the Final Order of Dismissal was not final, in part because the Order only addressed the May 12. 2016 decision of the Davidson County Planning Commission and did not address the Commission's March 24, 2016 and April 12, 2016 decisions. However, this Court finds that the August 30, 2016 Order was intended to completely conclude this case. The Order is styled a "Final Order of Dismissal" and specifically states that this case is dismissed with costs taxed to the Petitioners. The Order also definitively states that "[t]his is the final order."

Accordingly, given that the August 30th Order is a final decision dismissing this cause of action, the Court must assume the Petitioners seek relief from that Order under either Tennessee Rule of Civil Procedure 59.04, which governs motions to alter or amend a judgment, or Tennessee Rule of Civil Procedure 60.02, which generally allows a party to seek relief from judgments or orders under certain defined circumstances. The Court finds neither of these Rules justifies relief in this case.

Rule 59.04 offers relief to a movant wishing to alter or amend a judgment in very limited circumstances. As the Tennessee Court of Appeals has stated:

The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final. *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (overruled in part on other grounds by *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000)). The motion should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence

-3-

becomes available; or to correct a clear error of law or to prevent injustice. *Id.* A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments. *Local Union 760 of Intern. Broth. of Elec. Workers v. City of Harriman*, No. E2000-00367-COA-R3CV, 2000 WL 1801856, at *4 (Tenn. Ct. App. Dec. 8, 2000) *perm. app. denied* (Tenn. May 14, 2001), *see Bradley*, 984 S.W.2d at 933 (holding: a Rule 59 motion should not be used to raise new legal theories where motion for summary judgment is pending).

*Kirk v. Kirk*, 447 S.W. 3d 861, 869 (Tenn. Ct. App. 2013) (quoting *In re M.L.D.*, 182 S.W.3d 890 (Tenn. Ct. App. 2005)).

A Rule 59.04 motion should not be granted when the movant is simply seeking "to relitigate a matter that has already been adjudicated." *Morrison v. Morrison*, No. W2001-02653-COA-R3-CV, 2002 WL 31423848, *2 (Tenn. Ct. App. Oct. 29, 2002) (citing *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). The Court finds that Petitioners' motion is just that — an attempt to relitigate a matter already adjudicated by this Court.

The Motion for Relief also fails to satisfy the requirements of Rule 60.02. Tennessee courts have observed that Rule 60.02 motions must be narrowly construed and are sparingly granted. *In re Joeda J.*, 300 S.W.3d 710, 715-16 (Tenn. Ct. App. 2009). Such a motion requires movants to explain why they are entitled to the limited relief available under the rule on such grounds as mistake, inadvertence, surprise or neglect. *Id*. at 715. A Rule 60.02 motion is not to be used by a party "merely because he is dissatisfied with the results of the case." *Id*. (quoting *Wilkerson v. PFC Global Group, Inc.*, No. E2003-00362-COA-R3-CV, 2003 WL 22415359, at *6 (Tenn. Ct. App. Oct. 23, 2003)). Thus, like Rule 59.04, a party may not use Rule 60.02 to relitigate matters already litigated. The Petitioners' motion is attempting to do just that. As they have not met the burden of identifying a mistake, inadvertence, surprise, neglect, or other circumstance envisioned by the rule, the Petitioners' motion to alter the prior Order is not justified.

In sum, the Court finds that the August 30th Order addressed all claims that were before the Court. Having read the filings in this case, the Court finds that there is no new argument or new evidence being presented by the Petitioners in their Motion for Relief. Accordingly, as the Petitioners' Motion for Relief seeks to relitigate issues that were

adjudicated in the Court's final Order, the Court DENIES the Petitioners' Motion for Relief.

All other motions filed by the Petitioners after the Motion for Relief, including the Rule 59 motion filed by the Petitioners on September 28, 2016, are also DENIED, as they are repetitive and seek relitigation of issues already adjudicated.

The Court notes that Petitioners have already filed a Notice of Appeal. As the August 30th Order is final and adjudicated all matters in this cause, this matter is ripe for appeal.

It is so ORDERED.

Petitioners timely appealed to this Court.

## Discussion

Although not stated exactly as such, Petitioners raise the following two issues on appeal: 1) whether the Trial Court's order of August 30, 2016 was a final, appealable order; and 2) whether Petitioners' petition for writ of certiorari should be treated as an action for declaratory judgment.

We first address whether the Trial Court's order of August 30, 2016 was a final, appealable order. A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Our Supreme Court has explained: "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

A petition for certiorari must be filed within sixty days from entry of the decision of the administrative body's decision in order to seek review. Tenn. Code Ann. § 27-9-102 (2017). The purpose of the provision requiring that a petition for writ of certiorari be filed within sixty days of entry of a final judgment is "to promote the timely resolution of disputes by establishing filing deadlines that will keep cases moving through the system." *Hickman v. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001). The sixty day time limit is jurisdictional and the "[f]ailure to file a writ within this period precludes review of such decisions by the courts." *Johnson v. Metropolitan Gov't for Nashville Davidson County*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001). "A trial court has subject

matter jurisdiction to extend the sixty-day time period of section 27-9-102 if the order granting the extension is entered within the sixty-day period." *Blair v. Tennessee Bd. of Probation and Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007).

The basis for the Trial Court's final order of dismissal was that the petition for writ of certiorari was fatally deficient in certain respects so as to deprive the Trial Court of jurisdiction, and that sixty days already had elapsed from the Commission's most recently challenged decision. If too much time had elapsed since the Commission's most recent decision at issue, then naturally the two prior relevant decisions also would be encompassed by the Trial Court's ruling that time had expired. We hold, as did the Trial Court, that the Trial Court's final order of dismissal and subsequent order denying relief to Petitioners under theories of Rule 59.04 and 60.02 resolved all of the claims between the parties and as such represented a final, appealable order.

The next issue we address is whether Petitioners' petition for writ of certiorari should be treated as an action for declaratory judgment and thus avoid the constitutional and statutory requirements applicable to a writ of certiorari. According to Petitioners, the Commission made new law and changed the very landscape of Forest View Park, and, therefore, Petitioners' legal challenge should be construed as an action for declaratory judgment. Respondents, on the other hand, argue that the Commission's determination was a minor administrative application of existing law.

In a recent opinion, our Supreme Court discussed whether and when common-law writ of certiorari or declaratory judgment is available to review administrative decisions:

> The threshold question in determining whether an administrative decision is subject to judicial review by common-law writ of certiorari is whether the administrative body performed a legislative or a quasi-judicial function. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990) (citing *Fallin*, 656 S.W.2d at 341). "Common law certiorari is available where the court reviews an administrative decision in which that agency is acting in a judicial or quasi-judicial capacity." *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983); *see* Ben H. Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 Mem. St. U. L. Rev. 19, 20 (Fall 1973) (noting that the common-law writ of certiorari is available to review judicial or quasi-judicial actions of administrative bodies). The common-law writ is not available if the administrative decision at issue was legislative in nature; the judicial remedy for an erroneous legislative administrative action is a suit for declaratory judgment. *Fallin v. Knox Cnty. Bd. of Comm'rs*, 656 S.W.2d 338, 342

(Tenn. 1983); *State ex rel. Moore & Assocs. v. West*, 246 S.W.3d 569, 575 (Tenn. Ct. App. 2005).

Thus, if the agency's act is quasi-judicial, the proper method of challenging the governmental action is through common-law writ of certiorari, whereas a legislative action must be challenged by filing a declaratory judgment action. *See McCallen*, 786 S.W.2d at 638-40; *Fallin*, 656 S.W.2d at 342. "This distinction in remedies is made because [quasi-judicial] determinations ... are accompanied by a record of the evidence produced and the proceedings had in a particular case, whereas, [legislative acts are] not ordinarily accompanied by a record of evidence." *Fallin*, 656 S.W.2d at 342; *see* Cantrell, 4 Mem. St. U. L. Rev. at 20.

\*\*\*

Mr. McFarland's complaint contains but one claim. It is apparent that the single claim in his complaint is premised on the same issue decided by the Election Commission in the pre-election hearing, namely, whether Mr. Pemberton lived in Knox County or Roane County during the requisite period prior to the election. He argues, in effect, that the Election Commission got it wrong. He seeks the same relief as would have been sought under a petition for writ of certiorari: constitutional disqualification of Mr. Pemberton for the office of circuit judge for the Ninth Judicial District. Under *Benz-Elliot*, considering the legal basis of Mr. McFarland's claim and considering the type of injury for which he seeks relief, the gravamen of his claim is a petition for writ of certiorari, seeking judicial review of the Election Commission's decision.

\*\*\*

Under the facts of this case, the Election Commission decided the issue of Mr. Pemberton's residency in a quasi-judicial proceeding and rendered a final decision that was reviewable through a petition for common law writ of certiorari under section 27-9-101. Applying the legal principles enunciated in *Benz-Elliot*, the gravamen of Mr. McFarland's claim is a petition for judicial review of the Election Commission's decision, i.e., a petition for writ of certiorari. Because Mr. McFarland failed to file his complaint within the 60-day time limitation for filing a petition for writ of certiorari, this action is time-barred.

*McFarland v. Pemberton*, --- S.W.3d ----, 2017 WL 4279199, at *22, 28-29 (Tenn. Sept. 20, 2017) (Foonote omitted).

In the present case, three Commission decisions are challenged. The March 24, 2016 Commission decision revised the planned unit development from 212 to 96 units, pursuant to Metropolitan Code § 17.40.120.G. The April 14, 2016 decision by the Commission deferred until May 12 a determination as to whether the planned unit development still was active. Finally, on May 12, 2016, acting pursuant to Metropolitan Code § 17.40.120.H, the Commission determined that the planned unit development was active. The Commission, therefore, applied existing law to make certain determinations regarding development. Echoing the plaintiff's stance as articulated by our Supreme Court in *McFarland*, Petitioners effectively assert that the Commission "got it wrong." In our judgment, the Commission's decisions were of a quasi-judicial or administrative rather than legislative character. A petition for writ of certiorari, rather than an action for declaratory judgment, was the appropriate method to challenge the Commission's decision.

We next examine whether Petitioners successfully vested the Trial Court with subject matter jurisdiction by the filing of their petition for writ of certiorari. The petition for writ of certiorari must state that it is the first application for the writ. Tenn. Code Ann. § 27-8-106 (2017) provides: "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Our Supreme Court has discussed the constitutional and jurisdictional gravity of the oath requirement with respect to petitions for writs of certiorari as follows:

> The courts' power to issue writs of certiorari flows from Article VI, Section 10 of the Tennessee Constitution. Thus, in order to vest a court with subject matter jurisdiction in a certiorari proceeding, a petition for writ of certiorari must satisfy Article VI, Section 10's requirements. Article VI, Section 10 requires petitions for a writ of certiorari to be "supported by oath or affirmation." Because this requirement is constitutional, it is mandatory. *See Beck v. Knabb*, 1 Tenn. (1 Overt.) 55, 57-58, 60 (1804). The courts cannot waive this requirement, *Depew v. King's, Inc.*, 197 Tenn. at 571, 276 S.W.2d at 729; *Crane Enamelware Co. v. Smith*, 168 Tenn. 203, 206, 76 S.W.2d 644, 645 (1934), because it is jurisdictional, and subject matter jurisdiction cannot be conferred by waiver or consent. *McCarver v. Insurance Co. of Penn.*, 208 S.W.3d 380, 383 (Tenn. 2006); *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996).

*Talley v. Board of Prof'l Responsibility*, 358 S.W.3d 185, 192 (Tenn. 2011).

Petitioners never timely filed a petition for writ of certiorari comporting with the constitutional and statutory requirements in order to vest the Trial Court with subject matter jurisdiction. Therefore, the Trial Court properly granted Respondents' motion to dismiss for lack of jurisdiction. We affirm the judgment of the Trial Court.

### **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Marilyn Metz, George Metz, Aubrey Pearson, Jacqueline Pearson, Berry Wright, and Evelyn Wright, and their surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE