IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2018 Session

## RICHARD KEITH ET AL. v. MAURY COUNTY BOARD OF ZONING APPEALS

**Appeal from the Chancery Court for Maury County**
**No. 17-394   David L. Allen, Judge**

_____

**No. M2017-02542-COA-R3-CV**

_____

After receiving a cease and desist letter from a local zoning official forbidding them from hosting an off-road event on their property, landowners appealed to the board of zoning appeals. The board denied their application. And landowners sought review by filing an unverified petition for writ of certiorari in the chancery court. On the board's motion, the court dismissed the petition for lack of subject matter jurisdiction. On appeal, landowners argue that their petition in actuality seeks declaratory relief. We conclude that landowners were challenging a quasi-judicial decision of a local board of zoning appeals and that a petition for writ of certiorari was the proper method for seeking review. Because landowners' petition was not verified, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Brock East and Benjamin Lewis, Murfreesboro, Tennessee, for the appellants, Richard D. Keith, Deborah Keith, and Plowboy Motorsports, LLC.

Daniel L. Murphy, Columbia, Tennessee, for the appellee, Maury County, Tennessee (Maury County Board of Zoning Appeals).

**OPINION**

**I.**

Richard and Deborah Keith, property owners in Maury County, Tennessee, hoped to host recreational events involving off-road vehicles on their property. They formed a limited liability company, Plowboy Motorsports LLC, to operate the events. The Maury County Building and Zoning Coordinator determined that the proposed use was not permissible under the zoning classification applicable to the Keiths' property. The Keiths attempted to have their property rezoned and approval of a "Special Exception Use" without success.

Still hoping to host recreational events involving off-road vehicles, the Keiths obtained a mass gathering permit from the mayor's office in anticipation of a scheduled event. The Keiths then received a "cease and desist" letter from the Maury County Director of Building and Zoning prohibiting them from operating an off-road event on their property. A second letter arrived several months later.

The Keiths sought relief from the Maury County Board of Zoning Appeals. At their hearing before the BZA, they argued that their proposed use was protected by Tennessee's agritourism statute. *See* Tenn. Code Ann. §§ 43-39-101 to -103 (Supp. 2018). They also argued that the proposed use was permitted by their current zoning. The BZA denied their application.

On July 19, 2017, the Keiths and Plowboy Motorsports filed a pleading titled "Petition for Writ of Certiorari Review" in the Chancery Court for Maury County, Tennessee. The petition was described as "an action for declaratory judgment and certiorari review of certain zoning matters related to [their] property as were reviewed by [the BZA] on June 14, 2017." The petitioners requested "an order authorizing and making judicial declaration that [the proposed] use of said property [wa]s lawful under its use and definition." In the alternative, they argued that their "Application to the . . . BZA was wrongfully denied based on the fact that it would be outside of the . . . BZA's jurisdiction and/or was arbitrary and capricious and should be judicially modified to prevent further damage to the Plaintiffs."

The BZA moved to dismiss the petition for certiorari review because it lacked verification. The BZA contended that, without the required verification, the trial court lacked subject matter jurisdiction to hear the case.

The petitioners conceded that, if their pleading was a petition for writ of certiorari, it was fatally deficient. But they argued that the substance of the petition was a request for a declaratory judgment. Thus, dismissal was not required. For good measure, they

sought to amend their petition "to reflect that Plaintiffs actually requested a Petition for Declaratory Judgment."

The chancery court agreed with the BZA and dismissed the petition. The court determined that the petitioners were appealing a quasi-judicial action by the BZA. The only method for obtaining judicial review of a quasi-judicial action was through a petition for writ of certiorari. Because the petitioners failed to correct the defects in the petition within the sixty-day period following the BZA's decision, the court concluded it had no subject matter jurisdiction over the case.

## II.

The Keiths and Plowboy Motorsports raise three issues for review, but the case turns on whether a petition for writ of certiorari was the proper vehicle for seeking redress. A writ of certiorari is an order from a superior court to an inferior tribunal "to send up a record for review." *Utley v. Rose*, 55 S.W.3d 559, 563 (Tenn. Ct. App. 2001). The power to issue a writ of certiorari "flows from Article VI, Section 10 of the Tennessee Constitution." *Talley v. Bd. of Prof'l Responsibility*, 358 S.W.3d 185, 192 (Tenn. 2011). Section 10 empowers trial courts to issue writs of certiorari in civil cases "on sufficient cause, supported by oath or affirmation." Tenn. Const. art. VI, § 10; *see also* Tenn. Code Ann. § 27-8-106 (2017) (directing that petitions for certiorari "be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public"). The verification requirement is mandatory and cannot be waived. *Talley*, 358 S.W.3d at 192. When the required verification is missing, the trial court lacks subject matter jurisdiction, and the petition must be dismissed. *Id.*; *see also Hirt v. Metro. Bd. of Zoning Appeals*, 542 S.W.3d 524, 527 (Tenn. Ct. App. 2016) (noting that the verification requirement is jurisdictional).

A court's subject matter jurisdiction may be challenged in a motion to dismiss. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). Subject matter jurisdiction refers to "a court's power to adjudicate a particular type of case or controversy." *Benson v. Herbst*, 240 S.W.3d 235, 238-39 (Tenn. Ct. App. 2007) (citing *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001)). A court derives subject matter jurisdiction—"either explicitly or by necessary implication"—from our Constitution or legislative acts. *Id.* at 239. Subject matter jurisdiction may not be conferred "on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Id.* If subject matter jurisdiction is lacking, the court must dismiss the case. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).

Challenges to subject matter jurisdiction may be facial or factual. *Redwing*, 363 S.W.3d at 445. A facial challenge focuses on the complaint and asserts that the facts

alleged fail to establish subject matter jurisdiction. *Id.* A factual challenge, on the other hand, attacks the sufficiency of the evidence necessary to prove the alleged jurisdictional facts. *Id.* at 446.

Here we are concerned with a facial challenge. The BZA's motion to dismiss was based solely on the petition's lack of verification. *See* Tenn. Const. art. VI, § 10; Tenn. Code Ann. § 27-8-106. When reviewing a facial challenge, we "limit [our] consideration to the factual allegations of the complaint and consider[ ] nothing else." *Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.*, 531 S.W.3d 146, 160 (Tenn. 2017). We presume the factual allegations in the complaint are true. *Id.* And, considering the complaint as a whole, we determine whether the "factual allegations establish a basis for the court's exercise of subject matter jurisdiction." *Id.* In our review, we use "the familiar analytical framework that applies to motions to dismiss for failure to state a claim." *Id.*

The Keiths concede that their petition is not supported by oath or affirmation. But they maintain that the substance of their pleading, despite being titled "Petition for Writ of Certiorari Review," is a complaint for a declaratory judgment. When evaluating pleadings, we are not bound by technicalities. *Carter v. Bell*, 279 S.W.3d 560, 563 (Tenn. 2009). When appropriate, we will give effect to the pleading's substance rather than its form. *Brundage v. Cumberland Cty.*, 357 S.W.3d 361, 371 (Tenn. 2011) (citing *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010)).

"[T]he Tennessee Declaratory Judgment Act grants courts of record the power to declare rights, status, and other legal relations." *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837 (Tenn. 2008); *see* Tenn. Code Ann. § 29-14-102(a) (2012). As relevant here, the Act allows "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance . . . [to] have determined any question of construction or validity arising under the . . . statute [or] ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder." Tenn. Code Ann. § 29-14-103 (2012).

Our courts have previously construed improperly filed petitions for writ of certiorari as declaratory judgment actions. *See Fallin v. Knox Cty. Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983); *Brundage*, 357 S.W.3d at 371. But we will refuse to do so when a declaratory judgment action is not an available remedy. *See Duracap Asphalt Paving Co., Inc. v. City of Oak Ridge*, 574 S.W.3d 859, 870 (Tenn. Ct. App. 2018); *Metz v. Metro. Gov't of Nashville & Davidson Cty.*, 547 S.W.3d 221, 225-27 (Tenn. Ct. App. 2017), *perm. app. denied*, (Tenn. 2018). A declaratory judgment action is the appropriate method to "seek[ ] to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation." *Fallin*, 656 S.W.2d at 342; *see also State ex rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 581 (Tenn. Ct. App. 2005) ("A direct action for declaratory

4

judgment is available and appropriate to challenge the validity, including the constitutionality, of an ordinance, or to determine whether an ordinance applies."). But it cannot be used to challenge "the decision of a local zoning administrator or board in actually applying, enforcing, or executing a zoning ordinance." *Moore & Assocs., Inc.*, 246 S.W.3d at 581.

The nature of the challenged action determines the available remedy. *See Fallin*, 656 S.W.2d at 342; *see also McFarland v. Pemberton*, 530 S.W.3d 76, 103 (Tenn. 2017); *Moore & Assocs., Inc.*, 246 S.W.3d at 581. Declaratory judgment actions may be used to challenge legislative actions while the appropriate method for obtaining judicial review of an administrative or quasi-judicial action is by common law writ of certiorari. *Moore & Assocs., Inc.*, 246 S.W.3d at 575. The crucial test is "whether the action taken . . . makes new law or executes one already in existence." *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990).

In general, a board of zoning appeals "engage[s] in enforcing, applying, or executing law already in existence." *Walker v. Metro. Bd. of Parks & Recreation*, No. M2007-01701-COA-R3-CV, 2009 WL 5178435, at *11 (Tenn. Ct. App. Dec. 30, 2009). These boards lack the authority to create or amend zoning ordinances. *Merritt v. Wilson Cty. Bd. of Zoning Appeals*, 656 S.W.2d 846, 854 (Tenn. Ct. App. 1983); *see also* Tenn. Code Ann. § 13-7-109 (2011) (proscribing the powers of regional boards of zoning appeals). Thus, our courts have repeatedly held that the proper vehicle for challenging decisions of local boards of zoning appeals is the common law writ of certiorari. *See, e.g.*, *Hirt*, 542 S.W.3d at 527; *Moore & Assocs., Inc.*, 246 S.W.3d at 576; *421 Corp. v. Metro. Gov't of Nashville & Davidson Cty.*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000).

We conclude that the substance of the pleading here is a petition for writ of certiorari. The petitioners disagree with the BZA's denial of their appeal of the cease and desist order. They maintain that their proposed use is lawful, essentially arguing that the BZA "got it wrong." *See Metz*, 547 S.W.3d at 226-227 (refusing to treat petition as action for declaratory judgment when substance of petition was that Planning Commission's administrative decision was wrong). The petition does not even reference the zoning ordinance much less challenge its validity. And the relief sought is identical to the relief available in a petition for writ of certiorari. "Where the relief sought in a declaratory judgment action is the same relief that is available under common law writ of certiorari, the action will be treated as a certiorari action, and the requirements of such an action will be applied." *Moore & Assocs., Inc.*, 246 S.W.3d at 581.

## III.

The proper method to appeal the BZA's decision in this case was by a petition for writ of certiorari. Because the petition lacked the necessary verification, the trial court

lacked subject matter jurisdiction over the case. So we affirm the trial court's dismissal of the petition.

_____
W. NEAL MCBRAYER, JUDGE