IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 4, 2021

**WILLIAM HUNTER BABCOCK v.
SONNIA ELIZABETH LAMBERT BABCOCK**

**Appeal from the Chancery Court for Hamilton County**
No. 13-0724          Pamela A. Fleenor, Chancellor

_____

**No. E2020-00459-COA-R3-CV**
_____

This case concerns a Tenn. R. Civ. P. 60.02 motion for relief from a final judgment in a suit for dissolution of a business partnership. The trial court found grounds for dissolving the partnership and ordered the parties to liquidate the partnership's assets. Each party would be liable for his or her pro-rata share of any outstanding debt. Before any accounting was filed, the defendant began representing herself, and at the instruction of the court, she informed the clerk and opposing counsel of her address. Soon thereafter, Defendant moved to a different address but never informed the clerk or opposing counsel of the change of her address. Consequently, the defendant did not receive notice of the plaintiff's motion to adopt his proposed final accounting or the order granting such motion. The final order awarded the plaintiff a judgment against the defendant for her share of the outstanding debts that plaintiff had paid. When the defendant discovered the judgment against her, she filed a motion for relief under Tenn. R. Civ. P. 60.02. The trial court denied the motion, finding there was no "mistake" because plaintiff's counsel sent notice to the defendant's last known address. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Carol M. Ballard, Chattanooga, Tennessee, for the appellant, Sonnia Elizabeth Lambert Babcock.

Justin G. Woodward, Chattanooga, Tennessee, for the appellee, William Hunter Babcock.[1]

## OPINION

In October 2013, William Hunter Babcock ("Plaintiff") filed a complaint against his wife and business partner, Sonnia Elizabeth Babcock ("Defendant"), requesting dissolution of the Lambert-Babcock Partnership.[2] The partnership owned two properties, an apartment building in Maryland and a house at 2602 Lyndon Avenue in Redbank, Tennessee, the latter of which was the parties' marital residence.

In August 2014, the trial court ordered the parties to dissolve the partnership, liquidate the assets, satisfy its debts, and then present a final accounting to the court. In July 2015, the trial court ordered Defendant to vacate 2602 Lyndon Avenue so the house could be sold. Shortly thereafter, Defendant moved down the street to a house at 2215 Lyndon Avenue.

In December 2015, Defendant began representing herself in court. At a hearing, the trial court informed her that she had an obligation to apprise the court and opposing counsel of any changes to her address. Accordingly, Defendant provided the court and Plaintiff's counsel with the 2215 address.

On January 1, 2016, after the 2602 Lyndon Avenue property had been sold, Defendant leased the property from the new owner and has resided at this address ever since. She did not, however, notify Plaintiff's counsel or the court of her new address.

Over a year later, in May 2017, the trial court dismissed the dissolution action for failure to prosecute. Despite Defendant's failure to notify the court she had moved, the Clerk and Master sent a copy of the order to Defendant's correct address, 2602 Lyndon Avenue.

One month later, Plaintiff filed a "Motion to Reinstate." Plaintiff's counsel sent a copy of the motion to the last address that Defendant had provided to him, 2215 Lyndon Avenue. By that time, Defendant had not resided at the 2215 address for over two years.

---

[1] Mr. Woodward filed a motion for extension of time in which to file a brief on behalf of the plaintiff/appellee, who he represented in the trial court. Mr. Woodward has not filed any other papers with this court and the plaintiff/appellee never filed a brief.

[2] In a separate action, Plaintiff filed a complaint for divorce against Defendant. A final divorce decree was entered contemporaneously with an order dissolving the partnership in August 2014. Wife appealed both orders but raised only issues relating to award of alimony and division of marital property. *See Babcock v. Babcock*, No. E2014-01670-COA-R3CV, 2015 WL 1059003, at *6, 8 (Tenn. Ct. App. Mar. 9, 2015).

Consequently, Defendant did not receive the motion, did not file a response, and did not appear at the hearing.

The trial court granted Plaintiff's Motion to Reinstate in June 2017 and set aside its order of dismissal. The order—prepared by Plaintiff's counsel—contained a certificate of service indicating that it was mailed to Defendant at 2215 Lyndon Avenue.

Once again, the case lay dormant for over a year. Then, in August 2018, Plaintiff filed a Motion to Adopt Final Accounting. Plaintiff provided financial statements showing that the partnership's assets had been liquidated and that he paid all of its outstanding debts. Plaintiff requested a judgment against Defendant for her share of the debt. As before, Plaintiff's counsel sent a copy of the motion to Defendant at the 2215 address. Defendant did not file a response and did not appear at the hearing.

After the trial court granted the Motion to Adopt, Plaintiff's counsel mailed a proposed final order to Defendant at the 2215 address. The trial court entered the order as prepared in October 2018, awarding Plaintiff a judgment against Defendant for $193,396.09.

Defendant filed her Rule 60.02 Motion for Relief in October 2019 based on mistake or excusable neglect. The motion was supported by Defendant's affidavit, in which she stated that she received none of the motions filed by Plaintiff's counsel. She stated that she did not receive the October 2018 order adopting the final accounting or the final judgment. According to Defendant, the only order she received was dated May 8, 2017, and mailed by the clerk's office to her address at 2206 Lyndon Avenue. For these reasons, she contended she was denied the opportunity to appear in court and contest Plaintiff's accounting and the monetary judgment entered against her.

At the hearing on the Rule 60 motion, Defendant admitted that she gave Husband's counsel the 2215 Lyndon Avenue address in 2015, but she could not recall whether she gave the 2215 address to the clerk's office at that time. Defendant also admitted that she did not notify opposing counsel or the clerk's office when she moved back to the 2602 address in 2016. Defendant explained that she thought filing an address change with the U.S. Postal Service was sufficient.[3] The trial court, however, denied the motion. The court reasoned there was no "mistake" or "excusable neglect" because Defendant failed to notify opposing counsel of her address change in 2016, despite being instructed to do so.

---

[3] The facts are derived from a transcript of the hearing that was filed with this court.

Defendant filed a Motion to Alter or Amend in December 2019, which the court denied. This appeal followed.[4]

## ISSUES

Defendant raises one issue on appeal: whether the trial court abused its discretion in denying her motion for relief from final judgment where Plaintiff failed to properly provide notice to Defendant of his Motion to Adopt Final Accounting; Defendant had meritorious defenses to Plaintiff's motion; and there was no prejudice to Plaintiff if such relief was granted.

## STANDARD OF REVIEW

Appellate courts "review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure . . . pursuant to the abuse of discretion standard." *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015). This standard does not permit a reviewing court to substitute its discretion for that of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the standard does not immunize a trial court's decision from any meaningful appellate scrutiny:

> [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524–25 (citations omitted).

## ANALYSIS

Tennessee courts consider three factors when determining whether a default judgment should be vacated under Rule 60:

---

[4] Defendant filed her Notice of Appeal in March 2020. In October 2020, Plaintiff requested and received an extension of time to file his response. Upon expiration of the extension period, this court entered an order to show cause why he had not filed his brief. Plaintiff did not respond that order. Consequently, we proceed to decide this case on only the record and Defendant's brief. *See* Tenn. R. App. P. 29(c).

(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted.

*Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). Conduct is "willful" if it is "flagrant and unexplained" or the result of a "deliberate choice[]." *Discover Bank v. Morgan*, 363 S.W.3d 479, 493 (Tenn. 2012).

Citing to *Reynolds v. Battles*, 108 S.W.3d 249 (Tenn. Ct. App. 2003), Defendant contends that the default judgment should be set aside because there is "reasonable doubt" about whether her failure to defend was willful. In *Reynolds*, we reversed the denial of a Rule 60 motion upon finding that notice was sent to the wrong address. *Id.* at 253. The plaintiffs in *Reynolds* sent notice of their pending motion for default judgment to "408 Magnolia Street" rather than "508 Magnolia Street." *Id.* at 252. When the defendants failed to respond, the trial court granted the motion. *Id.* We concluded that "reasonable doubt" existed as to whether the defendants received notice of the pending judgment and reversed the judgment. *Id.* at 251–52. We noted that a lack of notice would violate Tenn. R. Civ. P. 55.01. *Id.*

Unlike this case, however, there was no evidence in *Reynolds* that the defendants were responsible for the erroneous mailing address. Here, Defendant gave Plaintiff's counsel the 2215 address and then failed to notify him when she moved back to the 2602 address. Accordingly, we find *Reynolds* unpersuasive.

Defendant also relies on our decision in *Miclaus v. Miclaus*, No. E2018-02134-COA-R3-CV, 2019 WL 2578256 (Tenn. Ct. App. June 24, 2019). In *Miclaus*, we found relief from judgment was warranted based on the defendant's affidavit, which averred that notice was sent to an old address:

The notice was mailed by the [p]laintiff's attorney to an address that I no longer use, and the fact that I no longer use that address was known to the Plaintiff, and presumably her attorney, because I called the attorney's office assistant before the notice was sent and provided my correct mailing address.

*Id.* at \*4. In this case, however, Defendant openly admitted that she did not provide Plaintiff's attorney with her new address.[5] Thus, we find this case unpersuasive as well.

---

[5] Defendant also cites to *Melton v. Bowman*, No. M2000-02960-WC-R3-CV, 2001 WL 950008 (Tenn. Workers Comp. Panel Aug. 20, 2001). That case, however, was designated as not for publication by the Tennessee Supreme Court. *See* Tenn. Sup. Ct. R. 4(E)(2) ("An opinion so designated shall not be published in any official reporter nor cited by any judge in any trial or appellate court decision, or by any litigant in any brief, or other material presented to any court . . . .").

"[M]ere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect." *In re Joeda J.*, 300 S.W.3d 710, 715 (Tenn. Ct. App. 2009) (quoting *Wilkerson v. PFC Glob. Grp., Inc.*, No. E2003-00362-COA-R3-CV, 2003 WL 22415359, at *6 (Tenn. Ct. App. Oct. 23, 2003)). Thus, a party who fails to provide notice of a change in address "is the author of his own misfortune and cannot be heard to complain that the trial court erred when it proceeded in his absence." *Napier v. Napier*, No. M2019-00978-COA-R3-CV, 2020 WL 4299404, at *7 (Tenn. Ct. App. July 27, 2020) (quoting *Tomlin v. Baxter*, No. M2014-01746-COA-R3-CV, 2015 WL 7749064, at *7 (Tenn. Ct. App. Nov. 30, 2015)).

We also find Defendant's request for relief from the judgment deficient because she failed to show that she has a meritorious defense to Plaintiff's proposed accounting. As noted, our courts consider three factors when determining whether relief from a final judgment is warranted, including "whether the defendant has a meritorious defense." *See Henry*, 104 S.W.3d at 481. Thus, in *Patterson v. Rockwell International*, the Tennessee Supreme Court found it unnecessary to determine whether the defendant's conduct was willful or excusable when the Rule 60 motion simply asserted that the defendant had "a good and valid defense to [the] action." 665 S.W.2d 96, 100 (Tenn. 1984), *superseded on other grounds by rule as recognized in Pirkle v. Parker*, No. E2002-01751-COA-R3CV, 2003 WL 104622, at *1 (Tenn. Ct. App. Jan. 13, 2003). The court found this statement was conclusory and "d[id] not constitute the assertion of a meritorious defense to the plaintiff's claim." *Id*. Since *Patterson* was decided, we have found similar conclusory statements were insufficient. *See, e.g., Turner v. Turner,* 739 S.W.2d 779, 781 (Tenn. Ct. App. 1986) (affidavit stated "[m]y wife has taken a considerable amount of our property which I feel the court would have awarded to me if I could have been present at the hearing"); *cf. Reynolds*, 108 S.W.3d at 253 (opining that defendant's averment that they were "now prepared to answer or otherwise plea to the complaint" was insufficient).

Defendant asserts that "she was denied the opportunity to appear and present evidence in support of an accurate accounting of the Lambert-Babcock Partnership." This statement is conclusory and does not "constitute the assertion of a meritorious defense." *See Patterson*, 665 S.W.2d at 100. Plaintiff did not cure the defect at the motion hearing, where she made no argument as to this factor. Thus, regardless of the reason for Defendant's failure to defend, we cannot say that the trial court's decision was outside "the range of acceptable alternative dispositions." *See Lee Med., Inc.*, 312 S.W.3d at 524.

## IN CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Sonnia Elizabeth Lambert Babcock.

_____
FRANK G. CLEMENT JR., P.J., M.S.