IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 23, 2012 Session

## ATHENA H. MELFI, v. JOSEPH THOMAS MELFI

**Appeal from the Chancery Court for Williamson County**
**No. 35670    Hon. Walter C. Kurtz, Sr. Judge**

**No. M2011-02553-COA-R3-CV - Filed December 21, 2012**

The parties to this action were divorced by Decree on December 15, 2009. The former husband filed a Motion asking the Court to reopen the case on June 28, 2011. The Motion was styled as a Rule 59 and/or 60 Motion, Tenn. R. Civ. P. At a hearing before the Trial Court, the Trial Judge dismissed the Motions on the grounds that the Court no longer had jurisdiction to entertain these Motions. On appeal, we affirm.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Russ Heldman, Franklin, Tennessee, for the appellant, Joseph Thomas Melfi.

C. Edward Fowlkes, Nashville, Tennessee, for the appellee, Athena H. Melfi.

### OPINION

Athena H. Melfi (Wife), filed a Complaint for Divorce against appellant, Joseph T. Melfi (Husband),  on March 13, 2009 on the alleged grounds of "irreconcilable differences, cruel and inhuman treatment or conduct, inappropriate marital conduct and indignities to Wife's Person". According to the Complaint, the wife was a resident of Tennessee and the husband was a resident of Florida at the time of filing and there were two minor children of the marriage. The Complaint provides that the wife owned real property located in

Interlocken, Florida, that the parties had previously divided their personal property and that they had approximately $23,000 of debt. Attached to the Complaint was a Uniform Civil Affidavit of Indigence which showed the wife's weekly take-home pay of $258.04, $1,000.00 a month child support and $2,575.00 in monthly expenses. The Trial Court entered an order allowing filing of the Complaint on a pauper's oath.

A Final Decree of Divorce was entered on December 15, 2009. A Marital Dissolution Agreement and a Permanent Parenting Plan, executed by the parties, was attached to the Decree of Divorce. The Decree states that an Answer was waived and that the Marital Dissolution Agreement and Permanent Parenting Plan were duly executed and are "fair and equitable." The Court granted the wife an absolute divorce on the ground of irreconcilable differences, and further ordered and adjudged that the Marital Dissolution Agreement was "fair, equitable and proper and that the agreement is hereby approved by the Court and made a part of this Final Decree as if verbatim, that adequate and sufficient provision has been made for the division of property and debts and is hereby approved and made a part of this Final Decree as is set out verbatim".

The Marital Dissolution Agreement states that the divorce action is uncontested and that the parties shall support and care for their two children as set out in the attached Parenting Plan. The husband was to pay rehabilitative support to the wife for three years and the real property, house and lot, titled in both parties names was vested solely to the husband. The Agreement states that personal property had previously been divided, the parties' debts were divided between them and each party retained ownership of the automobile that was titled in their name. The Agreement also states that "the parties agree that this Agreement, subject to Court approval, shall be incorporated in and made a part of any decree of divorce which may be entered hereafter" and that it "constitutes the entire understanding of the parties" and "[t]here are no representations or warranties other than those expressly herein set forth."

The wife was represented by counsel and apparently the husband was *pro se.* There is no indication in the record that there were any pre-trial proceedings or discovery, nor was there a hearing. The husband specifically waived personal service and filing an answer to the Complaint.

On June 28, 2011, one year and six months after the Decree of Divorce was entered, the husband, through counsel, filed a Motion to Alter or Amend and/or for Relief from Judgment pursuant to Tenn. R. Civ. P. 59.04 and/or Tenn. R. Civ. P. 60.02. The husband sought to alter or amend the Final Decree to make an equitable division of the wife's interest in a limited partnership(s) and/or proceeds generated or acquired from her limited partnership(s), which were acquired during the marriage and constituted martial property.

The husband alleged that the wife failed to disclose these assets in the Uniform Civil Affidavit of Indigence and she did not disclose the asset at any time between filing the Affidavit and the entry of the Final Decree of Divorce. The husband states in the motion that he learned of the wife's interest in the limited partnership at the end of November, 2010 when the wife told him she expected to receive money from the partnership. He claims the wife offered to give him $12,500 from the proceeds she received if he would execute an Acknowledgment and Release document. The motion states that the wife told the husband to contact attorney Andrew Comiter regarding the funds and the execution of the Release. The husband stated that he made several attempts to contact Mr. Comiter, to no avail. When the husband asked the wife about the money, she allegedly told him "there is no money". The husband also claims the wife failed to disclose an ownership interest in a certain residence. [1]

The husband claims the Final Decree of Divorce is not a final judgment because the Decree and the incorporated Marital Dissolution Agreement do not state that the Agreement is intended to be a final settlement of all property rights of the parties and that it constitutes a discharge of all claims arising out of the martial relationship. The husband claims that the decree is subject to revision pursuant to Tenn. R. Civ. P. 59.04, and further claims that the Final Decree of Divorce is void under Tenn. R. Civ. P. 60.02(3) as the wife's failure to disclose all of her assets constitutes fraud. He also claimed that Tenn. R. Civ. P. 60.02(2), (4) and (5) are applicable and justify relief from the Final Divorce Decree.

On August 17, 2011, an Agreed Order was entered wherein the parties agreed to a continuation of a September 20, 2011 hearing to allow the parties time to "narrow the issues and discuss a resolution to the matter." On September 15, 2011, the wife filed a Motion for Protective Order regarding discovery propounded by the husband. On the same day she filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. In the motion the wife contends that as the Judgment of December 15, 2009 is a final judgment, the Court lacks subject matter jurisdiction to consider the husband's Motion to Alter or Amend under either Rule 59.04 or Rule 60.02. On September 30, 2011, the husband filed a Motion to Compel discovery and for Attorney's Fees and a Motion to Reset Hearing and for Mediation.

A hearing was held on October 17, 2011 before the Trial Court. At the outset of the hearing, counsel for the husband made the following statement:

Mr. Heldman:    What is before your Honor today is not the merits of those
                motions [Rule 59.04 and 60.02 motions] because Mr Fowlkes

---

[1]Wife did stated in the Complaint that she owed real property located in Interlocken, Florida. This property was not the marital home.

[Wife's counsel] and I agreed we'd ask Your Honor to address the discovery issue and his jurisdictional issue that he's raised.

* * * *

Mr. Heldman: . . . [W]e've sent discovery requests over to Mr. Fowlkes and that's what has precipitated us coming in here. We would like to have some financial discovery to move forward on our motion before we have an actual hearing on it, the merits.

Later in the hearing, Mr. Heldman reiterated that he was not asking the Court to rule on the merits of his Rule 59.04/60.02 motion:

Mr. Heldman: That's all I'm asking. Not to rule on the merits today. Mr. Fowlkes and I agreed that we wouldn't rule on the merits today.

The Court: Okay. Well, let me do this. I'm going to take this matter under advisement. And Mr. Fowlkes, as I understand it, the worst that can happen to you as a result of this hearing is if the judge allows this case to go over - - to go forward, is that you have to answer some discovery. That's the worst that can happen to you today - -

Mr. Fowlkes: Right.

The Court: - - as a result of today's hearing.

Mr. Fowlkes: Right.

The Court: And the best that can happen to you is that I look at Mr. - - or Judge Heldman's allegations he set out in his motion and I say there are no set of facts alleged for which he can go forward and I then dismiss the motion. That's really what I need to decide today, correct?

Mr. Fowlkes: Yes, sir.

On October 21, 2011, the Trial Court entered a Memorandum and Order overruling

-4-

and dismissing the husband's motion. The Court stated that "in ruling on [Wife's] motion to dismiss the challenge to the Final Decree, the Court must consider that all the facts set forth in [Husband's] Rule 59 and Rule 60 motion is true." First, the Court held that the Final Decree "is long since final" and that Rule 59.04 has no application and the husband was not entitled to any relief under that rule.

The Court noted that the husband concedes that Rule 60.02 relief based on fraud must be brought within one year of entry of final judgment and that the motion was filed well after the one year mark had passed. The Court went on to reject the husband's contention that because the complaint was filed on a false affidavit of indigency and pauper's oath, the Court was deprived on jurisdiction and the Final Decree is, thus void. The Court stated that it was unaware of any law to support that argument and noted that if a false affidavit of indigency "voids" a subsequent Decree, "then scores of thousands of Final Orders are subject to collateral attack. Such is not the law." The Court went on to state that a suit upon a pauper's oath is a substitution for pre-payment of costs but is not jurisdictional. The Court likewise rejected the husband's contention that when the wife contacted the husband in November 2010, 11 months after entry of the final judgment, the incident somehow tolled the one-year limitation period contained in Rule 60.02(3) as "[t]here is nothing contained in Rule 60.02 to indicate any exception to the one-year period.

The husband had also argued that the language of the Marital Dissolution Agreement was insufficient to support a Final Judgment as it did not state that it was a final settlement and the parties were relinquishing all claims arising out of the marriage. The Court, however found it sufficient that the Final Decree incorporated the Agreement and specifically found it was "adequate and sufficient" for the division of property and debts and approved it.

The Court also refused to apply the "catch all" provision of Rule 60.02(5), which does not have a one year time limit based on a finding that the alleged facts, taken as true, "do not come close to supporting relief under subsection (5) of the Rule." In support of this finding, the Court relied on *Underwood v. Zurich*, 854 S.W. 2d 94, 97 (Tenn. 1993) and *In re Joeda J.* 300 S.W. 3d 710, 716 (Tenn. Ct. App. 2009). The Court also noted that the one year limit to Rule 60.02 for fraud would be meaningless if subsection (5) of the rule was available for fraud. *See DeLong v. Vanderbilt*, 186 S.W. 3d 506, 512 (Tenn. Ct. App. 2005).

Based on a finding that neither Tenn. R. Civ. P. 59 or Tenn. R. Civ. P. 60.02 provided the husband with a remedy to defeat the Final Decree of Divorce, the Court overruled and dismissed the husband's motion and held that the related discovery motions were moot and dismissed the action.

The husband filed a timely Notice of Appeal and raised these issues on appeal:

A. Whether the Trial Court erred in dismissing appellant's Tenn. R. Civ. P. 59.04 and/or 60.02 motion without compelling appellee to respond to discovery and without allowing appellant a full evidentiary hearing on the merits of his motion.

B. Whether the divorce decree was final under Tenn. R. Civ. P. 54.02?

C. Whether appellant was entitled to discovery and a hearing on his claims for relief from judgment under Tenn. R. civ. P. 60.02(2),(3),(4), and/or (5)?

The motions the Trial Court had before it at the October 17, 2011 hearing were the husband's motion to compel discovery and the wife's motion for a protective order and motion to dismiss for lack of subject matter jurisdiction. The jurisdictional motion hinged on whether the Final Decree of Divorce entered in December 2009 was a final judgment. If the Decree was found to be a final judgment, the Trial Court would no longer have subject matter jurisdiction over the case and would have no authority to consider the husband's motion to alter or amend the Decree. This Court, in *Terry v. Tennessee Dept. Of Correction,* No. W2008-01907-COA-R3-CV, 2009 WL 1138122 (Tenn. Ct. App. Apr.28, 2009), discussed the standard of review employed when an appellate court reviews a motion to dismiss for lack of subject matter jurisdiction:

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. See *Meighan v. U.S. Sprint Communications Co.,* 924 S.W.2d 632, 639 (Tenn.1996); *Standard Sur. & Casualty Co. v. Sloan,* 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, see *Landers v. .. Jones,* 872 S.W.2d 674, 675 (Tenn.1994), and can only be conferred on a court by constitutional or legislative act. See *Kane v. Kane,* 547 S.W.2d 559, 560 (Tenn.1977); *Computer Shoppe, Inc. v. State,* 780 S.W.2d 729, 734 (Tenn. Ct. App.1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo,* without a presumption of correctness. See *Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn.1999); *Jackson v. Tenn. Dep't of Corr.,* 240 S.W.3d 241, 243 (Tenn .Ct. App. 2006) (quoting *Northland Ins. Co. v. State,* 33 S.W.3d 727, 729 (Tenn.2000)).

*Terry* at * 1-2.

The first and third issues appellant raises appear to be the same issue and will be addressed as if they were stated as one. Appellant contends that the Trial Court erred when

it dismissed his Motion to Alter or Amend and/or for Relief from Judgment pursuant to Tenn. R. Civ. P. 59.04 and/or Tenn. R. Civ. P. 60.02 without allowing appellant to obtain financial discovery from appellee and without allowing a full evidentiary hearing on the merits of the motion. The problem for appellant on this issue is that, by his own insistence, the only motions before the Trial Court at the hearing on October 17, 2011 were the wife's Motion to Dismiss for Lack of Subject Matter Jurisdiction and the discovery motions, for protection and to compel. Following the hearing, the Court issued the Memorandum Opinion and Order that found, as matter of law, that the December 2009 Final Decree of Divorce was a final judgment and the Husband was not entitled to relief from the judgment under Tenn. R. Civ. P. 60.02. Based on this finding, the Trial Court did not have subject matter jurisdiction over the Final Decree of Divorce and had to dismiss appellant's Rule 59.04 and Rule 60.02 motion. *See Moon v. Keisling*, M2008-00316-COA-R3-CV, 2008 WL 4367557 at * 3 (Tenn. Ct. App. Sept. 24, 2008)(once a judgment becomes a final judgment, the trial court loses the right to exercise control over it due to the fact that the judgment is final for the purpose of appeal and final as *res judicata* upon the facts then existing). It follows that the Trial Court no longer had subject matter jurisdiction over the Decree, it had no power to allow discovery or to hold an evidentiary hearing.

Moreover, the statements made by the husband's attorney at the hearing that only the jurisdictional motion and discovery motions were under consideration, the Trial Court made it clear that appellant's Rule 59.04 and Rule 60.02 motions could be dismissed following the hearing if the Court ruled in favor of the wife's jurisdictional motion. Accordingly, the first and third issues raised by appellant are without merit.

The second issue raised by appellant is whether the divorce decree was final under Tenn. R. Civ. P. 54.02 that provides in part:

> . . . . [a]ny order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

The husband contends that the Final Decree of Divorce is not a final judgment because the Marital Dissolution Agreement, which was incorporated into the Decree, does not affirmatively state that the Agreement is intended to be a final settlement of all property rights of the parties and that it constitutes a discharge of all claims arising out of the marriage. In addition, appellant states that the Agreement does not state that the parties warranted and represented that they had made full disclosure of all assets or that all claims raised by the Complaint are completely resolved, settled, compromised or waived by the

Agreement. The husband contends that due to the poorly drafted Marital Dissolution Agreement, the Divorce Decree is not final. The only authority appellant cites to support this contention is *Nicholson v. Nicholson*, M2008-000006-COA-R3-CV, 2009 WL 3518172 (Tenn. Ct. App. Oct. 29, 2009). However, the *Nicholson* case is not applicable here. In that case the divorcing parties made several agreements regarding the division of marital property throughout the litigation and these agreements were incorporated into orders by the court. However, the court's orders indicated that there were remaining property issues that were either "reserved" or "unresolved". This Court held that "because the orders relied upon by the wife were interlocutory and dealt with only some of the claims, rights, and liabilities involved in this divorce action, the [trial] court had authority to modify them or set the orders aside under Tenn. R. Civ. P. 54.02. *Id*. at *8.

Here, the Trial Court, rejected this argument and found that it was sufficient that the Final Decree incorporated the Marital Dissolution Agreement and specifically found that it was "adequate and sufficient" for the division of property and debts and approved it. The Martial Dissolution Agreement affirmatively states in part the following: Husband is not relying on any representations or advice made by Wife's attorney. The Agreement constitutes the entire understanding of the parties. It supercedes any and all prior agreements between them. There are no representations or warranties other than those expressly herein set forth. It is understood and agreed by the parties that this Agreement is entered into without any undue influence, fraud, coercion or misrepresentations or for any reason not herein stated. Each party acknowledges that they have read this Agreement, that it is fair and equitable and that it is being entered into voluntary. Each party agrees to abide by the provision of this Agreement.

The Court that granted the Decree stated that the Marital Dissolution Agreement was "fair, equitable and proper" and "that adequate and sufficient provision has been made for that division of property and debts and is hereby approved and made part of this Final Decree of Divorce."

The Trial Judge and the Court that granted the Decree of Divorce, were correct that the Marital Dissolution Agreement is "adequate and sufficient" as to the division of property and its language does not detrimentally affect the finality of the Decree of Divorce.

Appellant also argues the Decree of Divorce does not comply with the mandatory requirements of Tenn. Code Ann. § 36-4-103(b) which provides:

No divorce shall be granted on the ground of irreconcilable differences unless the court affirmatively finds in its decree that the parties have made **adequate and sufficient** provision by written agreement for the custody and maintenance of any

children of that marriage and for the **equitable settlement of any property rights** between the parties. If the court does not affirmatively find that the agreement is sufficient or equitable, the cause shall be continued by the court to allow further disposition by the petitioner. If both parties are present at the hearing, they may, at that time, ratify any amendments the court may have to the agreement. The amended agreement shall then become a part of the decree. The agreement shall be incorporated in the decree or incorporated by reference, and such decree may be modified as other decrees for divorce. (Emphasis added).

We agree with the Trial Court and the Court that granted the Decree of Divorce that the Marital Dissolution Agreement and the Permanent Parenting Plan are "fair and adequate" and the Marital Dissolution Agreement is "fair, equitable, and proper" and "adequate and sufficient provision has been made for that division of property and debts . . . " The court that granted the Decree of Divorce followed the requirements of Tenn. Code Ann. § 36-4-103(b), and the Trial Court did not err when it found that the Final Decree of Divorce became a Final Judgment thirty days following its entry and was no longer subject to alter or amendment pursuant to Tenn. R. Civ. P. 59.04.

We hold the Trial Court did not err when it dismissed appellant's Motion to Alter or Amend upon a finding that the December 2009 Final Decree of Divorce was a final judgment and that the Trial Court no longer had subject matter jurisdiction over the judgment.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Joseph Thomas Melfi.

_____
HERSCHEL PICKENS FRANKS, P.J.